IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDREW QUINN,<br><br>                      Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, SHAWNEE COUNTY COMMUNITY CORRECTIONS, KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES, CITY OF TOPEKA, SHAWNEE COUNTY ATTORNEY'S OFFICE TOPEKA RESCUE MISSION, and SHAWNEE COUNTY SHERIFF'S OFFICE,<br><br>                      Defendants. | Case No. 24-CV-2360-EFM-TJJ |

## **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff, proceeding *pro se*, has filed a complaint against the Federal Bureau of Investigation, the Shawnee County Community Correction Service, the Kansas Department of Children and Families, the City of Topeka, Kansas, the Shawnee County Attorney's Office, Topeka Rescue Mission, and the Shawnee County Sheriff's Office for unspecified violations of his civil rights.[1] This matter is presently before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 6), in which he asks the Court to appoint a lawyer to represent him in this case.[2]

---

[1] Compl. (ECF No. 1).

[2] Plaintiff has filed the same motion in all three of his cases pending before the Court. *See also* Cases 24-2374 and 24-2269.

Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel.[3] Courts considering requests for the appointment of counsel in civil actions generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[4] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[5] In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims.[6] Further, the party requesting the appointment of counsel must make diligent efforts to secure an attorney on his own.[7] This District's form motion for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted before filing the motion.

Because Congress did not provide any mechanism for compensating appointed counsel, however, *Castner* cautions the "[t]houghtful and prudent use of the appointment power . . . so that willing counsel may be located without the need to make coercive appointments."[8]

---

[3]*Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[4]*Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

[5]*See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[6]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[7]*Cline v. Seal*, No. 22-CV-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[8]*Id.* at 1421.

Indiscriminate appointment of volunteer counsel to undeserving claims wastes precious resources and may discourage attorneys from providing pro bono services.[9]

The Court has considered Plaintiff's Motion for Appointment of Counsel under the above factors. The Court has already granted Plaintiff's motion to proceed *in forma pauperis* in this case.[10] Plaintiff made diligent efforts to obtain counsel by showing he contacted seven attorneys. However, the Court finds the other factors weigh against appointing counsel. Plaintiff has filed six cases in this District since 2023, three of which have been dismissed for failure to state a claim.[11] The complaint he filed in this case will likely be subject to dismissal as well. Plaintiff appears to have the ability to present his case without the aid of counsel in light of the liberal standards governing *pro se* litigants.[12] The Court therefore denies Plaintiff's Motion for Appointment of Counsel.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 6) is **denied**.

A copy of this Order will be mailed to Plaintiff.

Dated September 19, 2024, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[9] *Id.*

[10] *See* Order (ECF No. 5).

[11] *See* Cases 23-2254; 23-2299; and 23-2335.

[12] *See* Compl. (ECF No. 1).